UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MITCHELL PATRICK,

                     Plaintiff,

-against-

BRONX CARE, BRONX LEBANON HOSPITAL
CENTER, HEALTH INFOR MANAGEMENT
DEPARTMENT, BRONX LEBANON HOSPITAL
LEGAL DEPT,

                     Defendants.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 31 2014 ★
LONG ISLAND OFFICE

ORDER
14-CV-7392(JFB) (AKT)

JOSEPH F. BIANCO, District Judge:

On December 16, 2014, incarcerated *pro se* plaintiff Mitchell Patrick ("plaintiff") filed a civil rights complaint brought pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed *in forma pauperis*. Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for failure to allege a plausible claim for relief.

DISCUSSION

I.    The Complaint[1]

Plaintiff's brief complaint, submitted on the Court's Section 1983 complaint form, seeks to challenge the disclosure of his allegedly "confidential information" by Bronx Lebanon Hospital Center (the "Hospital"). (Compl. ¶ IV.) Plaintiff claims that he did not authorize such

---

[1] The following facts are taken from plaintiff's complaint and are presumed to be true for the purpose of this Memorandum and Order.

disclosure and, as a result, plaintiff "was very hurt by Bronx Lebanon Hospital Center [] giv[ing] out my CONFIDENTIAL [records] without talking to me first." (*Id.*) Accordingly, plaintiff seeks to recover "money for the pain that this business did to me." (*Id.*)

Annexed to the complaint is a copy of a judicial subpoena duces tecum ("the subpoena") that was so ordered by the Honorable Angelo Delligatti on October 8, 2014 in the underlying state criminal prosecution of plaintiff. (*See* Compl. at 7-8). The subpoena is addressed to "Bronx Lebanon Hospital, att: Legal Dept." and calls for the production of "any and all medical records, papers, writings, notes, reports, documents, records, recordings, photographs, x-rays, summaries, conclusions, discharge summaries and memoranda with regard to treatment, care and/or examination from July 2012 to present of Patrick Mitchell . . . ." (*See* Compl. at 7). Plaintiff has also annexed the Hospital's response to the subpoena. The Hospital produced two pages - - an x-ray and continuation sheet - - both within the time period called for in the subpoena. (*See* Compl. at 9-10).

II.    Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

III.   Sufficiency of the Pleadings

    A.    Legal Standard

A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-

(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's

3

factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

    B.    Substantive Claim

Although plaintiff has used the Court's Section 1983 complaint form, it is clear that plaintiff seeks to challenge the Hospital's disclosure of his confidential information under the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104–191, 110 Stat. 1936 (codified in scattered sections of 18, 26, 29, & 42 U.S.C.) ("HIPPA"). However, "[u]nder HIPAA and the regulations promulgated thereunder, disclosure of patient records in legal proceedings is permitted if ordered by the court. . . ." *Jacobs v. Conn. Cmty. Tech. Coll.*, 258 F.R.D. 192, 197 (D. Conn. 2009) (citing 45 C.F.R. § 164.512(e)(1)). Section 164.512(e)(1)(i) of Title 45 of the Code of Federal Regulations, entitled "Disclosures for judicial and administrative proceedings," provides that "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order . . . ." *Id.* Here, as is readily apparent, the challenged disclosure by the Hospital was pursuant to a court-ordered subpoena in the underlying criminal prosecution of plaintiff and, thus, was privileged. Accordingly, plaintiff has failed to allege a plausible claim for relief and his complaint is thus dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),1915A(b)(1) for failure to allege a plausible claim for relief.

IV.    Leave to Amend

In light of the pleading deficiencies set forth above, the Court has considered whether plaintiff should be given an opportunity to re-plead. Leave to amend should be freely granted

when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted); *see also Chappius*, 618 F.3d at 170. Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182(1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Here, the deficiency in plaintiff's claim is substantive in nature and, as such, cannot be remedied by amendment. Thus, amendment would be futile and leave to amend is accordingly denied.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and his complaint is dismissed prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)

Dated: December 31, 2014
Central Islip, New York

Joseph F. Bianco
United States District Judge

5